UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

COREY CRADDOCK,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　*Plaintiff*,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　No. 1:09-cv-14
　　　　　　　　　　　　　　　　　　　　)　　　*Chief Judge Curtis L. Collier*
MATT HENNESSEE; WILLIAM PUCKETT;　)
JOSH CRIDER; AVERY,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　*Defendants*.　　　　　　　　　　)

## MEMORANDUM AND ORDER

Corey Craddock ("Craddock"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Court File No. 3]. Craddock contends Defendants, Officer William Puckett and Officer Josh Crider of the Chattanooga Police Department and T.F.O. Agent Matt Hennessee, employed a convicted felon as a confidential informant to wear a "video record device" during a drug and gun transaction with Craddock which resulted in his arrest and prosecution. Craddock contends that Defendants lacked judicial authorization to use the monitoring device, and therefore, the interception of his conversation during the drug and gun transaction was in violation of his Fourth Amendment right to be free from unreasonable searches. Additionally, Craddock claims Chattanooga Authority Police Officer Avery lacked probable cause, a warrant, or consent when he searched Craddock and seized $2,986.00 from him. Finally, Craddock claims his residence was searched without a warrant, probable cause, or consent when he was arrested. Craddock seeks compensatory damages in the amount of ten million dollars from each defendant and punitive damages in the amount of twenty million dollars from each defendant.

**I.     Standard of Review**

This Court has an ongoing responsibility under the Prison Litigation Reform Act, 28 U.S.C. § 1915 (e)(2), to review Plaintiff's action and dismiss the action or any portion of the action which is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Consequently, a review of the complaint reflects that Plaintiff has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983 for violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 et. seq.

However, as to Plaintiff's unconstitutional search and seizures claims, the Court is unable to conclude those claims are frivolous or malicious, fail to state a claim for which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. Therefore, at this time Plaintiff is permitted to proceed on his unconstitutional search and seizure claim against Officer Avery and his unconstitutional search claim against the other defendants.[1]

**II.    Analysis**

*A.     Video/Audio Surveillance*

Plaintiff alleges the surreptitious video recording of the sale of a controlled substance and firearm to an acquaintance, Mister, who was also a confidential informant, violated the Fourth Amendment because law enforcement obtained the recordings without a search warrant. This case does *not* involve a recording of a conversation where neither party consented to the recording, but

---

[1] The Court construes "other Officers" in Plaintiff's claim that "Matt Hennessee and other Officers" searched his residence, to mean the other officers named in the complaint.
2

rather, it involves a video recording of Plaintiff's conversation and his actions with Mister, who was Plaintiff's acquaintance and, unbeknownst to Plaintiff, an undercover informant wearing a consensual video recording device which apparently picked up their conversation and video taped the transaction involving Plaintiff's sale of a controlled substance and firearm to Mister.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 et. seq., governs the interception of wire, electronic, and oral communications by the government as well as private parties. To come within the protection of the statute, Plaintiff must prove the intercepted communication falls within the definition of an oral or wire communication as those terms are defined in the statute. Under the statute, an "oral communication" is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication[.]" 18 U.S.C. § 2510(2). The statute further provides that "It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(c). Similarly, the statute protects persons "not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication was given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d). Thus, the Act specifically provides that it is not unlawful to intercept oral communications where one of the parties to the communication has given prior consent to such interception which is exactly the situation before the

3

Court.

The communication at issue in this case is an oral communication where one party to the conversation consented to its interception. Because Mister, the informant and a party to the conversation and transaction, consented to the interception, the law covering the surreptitious taping of oral conversations provides no relief to Plaintiff. Consequently, pursuant to the statute and the case law discussed below, the evidence of the video taped sale was lawfully obtained under federal law.

It is well established that where one party to the conversation consents to the electronic monitoring, the conversation is admissible. *See Rathbun v. United States*, 355 U.S. 107 (1957) (finding no privacy violation, of which the non-consenting party may complain, where a party to the phone conversation consented to another party listening to the phone conversation on an extension); *see also Katz v. United States*, 389 U.S. 347, 351 (1967) ("[T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection."). The Supreme Court has determined the Fourth Amendment does not protect a party to a conversation who places trust or confidence in an undisclosed government agent or informant. *Hoffa v. United States*, 385 U.S. 293, 303 (1966) ("The risk of being overheard by an eavesdropper or betrayed by an informer or deceived as to the identity of one with whom one deals is probably inherent in the conditions of human society. It is the kind of risk we necessarily assume whenever we speak." (internal quotations and citations omitted)). Specifically, the Supreme Court has stated, "Neither this Court nor any member of it has ever expressed the view that the Fourth Amendment protects a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." *Id*. at 302. Similarly,

4

the Supreme Court has concluded the simultaneous recording of the conversation with a surreptitiously concealed electronic recording device on the person of the undisclosed agent does not violate the Fourth Amendment. *Lopez v. United States*, 373 U.S. 427, 438-39 (1963) (found there was no Fourth Amendment violation when Internal Revenue Agent surreptitiously recorded his conversation with defendant, who was offering to bribe the agent); *see also United States v. Longoria*, 177 F.3d 1179 (10th Cir. 1999) (audio and video taped conversations not protected by 18 U.S.C. § 2510); *United States v. Brown*, 2009 WL 1310714 (W.D.Pa. 2009) (finding confidential informant voluntarily consented to audio and video equipment). In addition, it is not unconstitutional to transmit the conversation electronically to a remote place where it is overheard and recorded. *United States v. White*, 401 U.S. 745, 751 (1971) (no Fourth Amendment violation where informant concealed radio transmitter on his person, recording and transmitting conversations with White to law enforcement, without White's knowledge). Thus, if a person agrees to meet another person who is willing to reveal what occurred at the meeting, "the Fourth Amendment permits the government to obtain and use the best available proof of what the latter person could have testified about." *United States v. Lee*, 359 F.3d 194, 200 (3rd Cir. 2004). Consequently, the wiretap statute is not implicated, and these principles require the dismissal of this claim.

To summarize, Plaintiff voluntarily agreed to meet and transact with Mister, a confidential informant who had voluntarily consented to record the conversation and meeting between him and Plaintiff. Plaintiff had no interest legitimately protected by the Fourth Amendment when he met with Mister, instead he was relying upon his misplaced confidence that Mister would not reveal his criminal activity. Consequently, no Fourth Amendment violation has occurred and Plaintiff is not entitled to any relief on this claim.

5

*B.     Warrantless Search and Seizure*

Plaintiff complains that Officer Avery searched him and seized $2,986.00 from him without probable cause, a warrant, or consent. It appears that Plaintiff is claiming Officer Avery searched him on July 17, 2008, telling Plaintiff that he was searching him because Officer Puckett told Officer Avery Plaintiff had sold drugs on January 4, 2008. Plaintiff also contends the search of his residence without a warrant, probable cause, or consent, during his September 5, 2008 arrest, was unconstitutional.

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). "It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Id.* Similarly, "[i]t is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable" *Payton v. New York,* 445 U.S. 573, 586 (1980).

Although an arrest generally does not justify a full-blown search of the arrestee's home, *see Chimel v. California*, 395 U.S. 752, 763 (1969), the Supreme Court has held that an officer may conduct a limited protective sweep following an in-home arrest if they have a "reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Maryland v. Buie*, 494 U.S. 325, 334 (1990). While this is to be a cursory inspection of limited duration, items in plain view may be seized during such a protective sweep. *Id.* at 330 (seizure of clothes in plain view during protective sweep was valid because officers had probable cause to believe they were evidence of a crime). Thus, "the area that

6

may legally be searched is broader when executing a search warrant than when executing an arrest warrant in the home." *Payton v. New York*, 445 U.S. at 589.

Because the Court must construe *pro se* complaints liberally in favor of the plaintiff, *Malone v. Colyer*, 710 F.2d 258, 260(6th Cir. 1983), the Court will permit this claim to go forward at this time even though the facts are scant. It does not appear that Plaintiff is claiming any evidence used to convict him in federal court was the result of either of these claimed unconstitutional searches or the alleged unconstitutional questioning.[2] Therefore, at this juncture in the screening process the Court is unable to conclude these claims are frivolous or malicious, fail to state a claim for which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. Accordingly, Plaintiff may proceed on the unconstitutional search and seizure claims at this time.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] A review of the Answer filed by Defendants Puckett, Crider, and Hennessee and the Court's CM/ECF system, reveals that Plaintiff entered into a plea agreement with the United States Attorney on November 6, 2008. Nevertheless, at this time, the Court is unable to conclude these claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) ("[T]o recover damages . . . for [] harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" underlying his constitutional claim was favorably termineated.)