UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

COREY CRADDOCK, )
      )
  Plaintiff, )
      )
      ) No. 1:09-CV-14
      ) Chief Judge Curtis L. Collier
MATT HENNESSEE, *et al.* )
      )
  Defendants. )

## MEMORANDUM

Before the Court is a motion to dismiss asserting qualified immunity filed by Defendant Chattanooga Housing Authority Police Officer Jeffrey Avery ("Officer Avery") (Court File No. 20) and an accompanying memorandum (Court File No. 21), to which *pro se* Plaintiff Corey Craddock ("Plaintiff") has responded (Court File No. 24), and Officer Avery replied (Court File No. 25). For the following reasons, the Court will **GRANT** Officer Avery's motion to dismiss (Court File No. 20).

### I.    STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept the complaint's factual allegations as true, *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007), and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940

(2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). A defendant can raise affirmative defenses in a motion to dismiss. *See, e.g., Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005) (defendant could properly raise the defense of qualified immunity "based on a pre-answer motion to dismiss").

## II.     RELEVANT FACTS

This action arises out of a combination of investigations and arrests of Plaintiff by the United States Government, the Chattanooga Police Department, and the Chattanooga Housing Authority ("CHA") occurring between January and September 2008 for drug trafficking and firearm sales. Plaintiff alleges on multiple occasions a confidential informant came to purchase a controlled substance and a firearm without a search warrant or probable cause (Court File No. 3 ("Complaint") at p. 3). Plaintiff's allegations specifically against Officer Avery stem from the officer's alleged seizure of $2,986 from Plaintiff's person without probable cause. Plaintiff alleges on July 17, 2008,

Officer Avery "search and seiz[ed]" $2,986 from him "without probable cause" and the officer "stated that he was well aware" Plaintiff had sold drugs in January 2008 "because Officer Ruckett had informed him of the same" (*id.*). Plaintiff subsequently alleges "when Officer Avery searched and seized my U.S. currency there was no drugs or contraband found on my possession" and that the "searc[h] and seizure was" both "illegal and unconstitutional" (*id.*).

In Plaintiff's response, he provides additional details, which somewhat clarify the allegations in the complaint and are undisputed by Officer Avery.[1] On July 17, 2008, Officer Avery pulled over a vehicle for supposedly running a stop sign (Court File No. 24 ("Plaintiff's Response") at p.2). Plaintiff was a passenger in the vehicle and was subsequently arrested for trespassing (*id.* at p.3).

Plaintiff brings this action under 42 U.S.C. § 1983, alleging in part, Officer Avery violated his civil rights by executing an unlawful search and seizure.

## III. ANALYSIS

Officer Avery moves to dismiss this action for failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In support of his motion, Officer Avery contends the claims against him are barred by the doctrine of qualified immunity and there was no violation of a clearly established constitutional right. He argues he had probable cause to stop the vehicle due

---

[1] The Court considers additional facts presented in Plaintiff's response to Defendant's motion to dismiss only to the extent these facts may clarify the allegations in the complaint. *Pegram v. Herdrich,* 530 U.S. 211, 230 n.10 (2000) ("Though this case involves a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and the complaint should therefore be construed generously, we may use [the plaintiff's] brief to clarify allegations in her complaint, whose meaning is unclear"); *see also Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment").

3

to the traffic violation, this stop led to the discovery Plaintiff was on the criminal trespass list and his arrest. The officer conducted an authorized pat down search and was entitled to seize contraband if he had probable cause to believe the contraband was the product of selling drugs. Accordingly, Officer Avery asserts there was no violation of a clearly established constitutional right, and Plaintiff fails to state a claim because the officer is entitled to qualified immunity.

To state a claim under 42 U.S.C. § 1983, the plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The defense of qualified immunity shields government officials performing discretionary functions where their "conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This defense "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994).

"Once the issue of qualified immunity is properly injected in the case either by a motion to dismiss, an affirmative defense or a motion for summary judgment, the plaintiff is obliged to present facts which if true would constitute a violation of clearly established law." *Dominique v. Telb*, 831 F.2d 673, 677 (6th Cir. 1987) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). There are two parts to the qualified immunity analysis: (1) whether, viewing the facts in the light most favorable to the plaintiff, there was a violation of the plaintiff's constitutional right(s), and (2) whether the right was clearly established to a reasonable person, such that its violation would be objectively unreasonable. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Silberstein v. City of Dayton*, 440 F.3d

306, 311 (6th Cir. 2006). The district court may begin its analysis with either of the two parts. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). If either of the prongs is answered in the negative, the individual officer is entitled to qualified immunity. *See Saucier*, 533 U.S. at 201.

Construing the allegations contained solely in the complaint in the light most favorably to the plaintiff, he has failed to state a claim for which relief can be granted. Plaintiff's complaint against Officer Avery cannot withstand the tests of *Twombly* or *Ashcroft* as it is comprised of legal conclusions without the factual content necessary to allow the inference Officer Avery is liable for a constitutional violation. Even if the Court incorporates the additional facts alleged in Plaintiff's response to the motion to dismiss as a clarification of the allegations in the complaint, Plaintiff still fails to state a claim against Officer Avery upon which relief can be granted because the officer is entitled to qualified immunity.

A civil rights plaintiff "cannot simply assert a constitutional violation and rely on broadly stated general rights if that plaintiff hopes to overcome a motion to dismiss on qualified immunity grounds." *Cooper v. Parrish*, 203 F.3d 937, 951 (6th Cir. 2000). Instead, "plaintiffs must allege sufficient facts that demonstrate that their constitutional rights have been violated in those instances where a defendant has asserted a qualified immunity defense." *Id*. Here, Plaintiff alleges Officer Avery searched him and seized $2,986 from him without probable cause. This is clearly insufficient to survive a motion to dismiss.

Even taking into account the additional facts contained in Plaintiff's response, Officer Avery's actions in searching Plaintiff were not unreasonable and did not violate a clearly established constitutional right. "It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to

5

a few specifically established and well-delineated exceptions.'" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). One of the exceptions to the warrant requirement is a search incident to a lawful arrest. *See Weeks v. United States*, 232 U.S. 383, 392 (1914); *Northrop v. Trippett*, 265 F.3d 372, 379 (6th Cir. 2001). When conducting a "search incident to arrest, police may search items within the immediate control of the person arrested." *Northrop*, 265 F.3d at 379 (6th Cir. 2001) (internal citations omitted).

Officer Avery initially pulled over the vehicle due to a suspected traffic violation of running a stop sign. "[S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resultant stop is not unlawful and does not violate the Fourth Amendment." *United States v. Davis*, 430 F.3d 345, 352 (6th Cir. 2005). Plaintiff challenges the search and seizure of the currency from his person, but does not challenge the lawfulness of his arrest for criminal trespass. Accordingly, Officer Avery did not violate a clearly established constitutional right by searching Plaintiff without a warrant because this search was within the established exception of a search incident to an arrest. This search yielded the $2,986, which Officer Avery seized.

Plaintiff contends Officer Avery seized this currency without probable cause because there were "no drugs or contraband" found in his possession. The Fourth Amendment requires an officer to have had probable cause, which is "a reasonable ground for belief that the item seized is contraband or evidence of a crime." *See United States v. Place*, 462 U.S. 696, 701 (1983). Plaintiff's allegations, construed most favorably, demonstrate Officer Avery's seizure of the currency was not a violation of a clearly established constitutional right. It was not objectively unreasonable for Officer Avery to find probable cause the cash was a product of illicit drug activity

based on his knowledge of Plaintiff's prior drug sales within the past six months, his criminal trespass activity, and the large amount of cash on his person.

Because Officer Avery's actions in searching Plaintiff and subsequently seizing $2,986 from his person were not in violation of a clearly established constitutional right, he is entitled to qualified immunity and Plaintiff has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, Officer Avery's motion to dismiss will be **GRANTED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**