UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT TENNESSEE

| | |
|---|---|
| COREY CRADDOCK, | ) |
| Plaintiff, | ) |
| | ) Civil Case No. 1:09-cv-14 |
| v. | ) |
| | ) Chief Judge Curtis L. Collier |
| MATT HENNESSEE, *et al.*, | ) |
| Defendants | ) |

## **M E M O R A N D U M**

Before the Court is a motion to dismiss asserting insufficient service of process filed by Defendant Chattanooga Police Officer Matt Hennessee ("Officer Hennessee") (Court File No. 28) and accompanying memorandum (Court File No. 29), to which *pro se* Plaintiff Corey Craddock ("Plaintiff") responded (Court File No. 36), and Officer Hennessee replied (Court File No. 40); and a motion by Officer Hennessee to stay discovery until thirty days after the Court rules on the motion to dismiss (Court File No. 43). For the following reasons, the Court will **DENY** Officer Hennessee's motion to dismiss (Court File No. 28) and **DIRECT** Plaintiff to perfect service **on or before October 13, 2010**. The Court will also **DENY AS MOOT** Officer Hennessee's motion to stay discovery (Court File No. 43).

### I. **RELEVANT FACTS**

This action arises out of a combination of investigations and arrests of Plaintiff by the United States Government, the Chattanooga Police Department, and the Chattanooga Housing Authority occurring between January and September 2008 for drug trafficking and firearm sales. Plaintiff alleges on multiple occasions a confidential informant came to purchase a controlled substance and

a firearm from him. Plaintiff's allegations specifically against Officer Hennessee stem from Officer Hennessee's alleged arrest of Plaintiff on September 5, 2008 based on one of these controlled purchases. Plaintiff claims during the arrest Officer Hennessee and other officers asked Plaintiff if they could look around his house, Plaintiff said no and asked if they had a warrant, and the officers stated they did not need a warrant and proceeded to enter Plaintiff's home.

On January 29, 2009, Plaintiff filed a complaint against Officer Hennessee and others alleging, *inter alia*, that Officer Hennessee's conduct during the September 5, 2008 arrest violated Plaintiff's Fourth Amendment rights (Court File No. 3). This suit was brought against Officer Hennessee in his individual capacity. On July 6, 2009, an answer was filed on behalf of several defendants, including Officer Hennessee in his official capacity (Court File No. 16). On June 15, 2009, Plaintiff attempted to serve Officer Hennessee by sending a certified letter to the police station where Officer Hennessee was employed. The letter was signed for by the mail room staff at the Chattanooga Police Department. Officer Hennessee claims he did not authorize any individual at the Chattanooga Police Department to receive service of process on his behalf (Court File No. 29-1), and Plaintiff has presented no evidence to the contrary.

On October 30, 2009, Officer Hennessee, by and through the United States Attorney for the Eastern District of Tennessee, filed a motion to dismiss on the grounds Plaintiff had failed to properly serve process pursuant to the Federal Rules of Civil Procedure (Court File No. 28). Although Officer Hennessee is a Chattanooga Police Officer, the United States Attorney for the Eastern District of Tennessee certifies he was acting as a federal task force officer at the time of the incident out of which the claims of Plaintiff's complaint arose. Accordingly, Officer Hennessee claims service of process was insufficient insofar as Plaintiff failed to comply with the strictures of

Rule 4(i)(3) for serving a United States officer sued in an individual capacity, and as a result the complaint filed against him should be dismissed.

## II.     DISCUSSION

### A.     Insufficiency of Service of Process

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides a complaint may be dismissed for "lack of personal jurisdiction." Rule 12(b)(5) further provides a complaint may be dismissed for "insufficient service of process." These provisions are closely related, for "[s]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946).

A plaintiff is responsible for having the summons and complaint served in accordance with Rule 4 of the Federal Rules of Civil Procedure. The procedure for serving a United States officer sued in an individual capacity is found in Rule 4(i)(3):

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e) . . . .

Fed. R. Civ. P. 4(i)(3). Service of a United States officer sued in an individual capacity thus has two distinct prongs: service of the United States, and service of the individual officer.

Service of the United States is achieved by "[(1)] deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . [and (2)] send[ing] a copy of each by registered or certified mail to the Attorney General of the United States . . . ." Fed. R. Civ. P. 4(i)(1)(A) and (B). Service of the individual officer is achieved

3

pursuant to Rule 4(e), which states:

> [A]n individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process

Fed. R. Civ. P. 4(e). Furthermore, Rule 4(m) requires service of process be perfected within 120 days of filing the complaint.

Plaintiff has failed to satisfy both prongs of Rule 4(i)(3) in his suit against Officer Hennessee in his individual capacity. The Court has no record, and Plaintiff has not indicated, he delivered a copy of the summons and complaint to the United States Attorney for the Eastern District of Tennessee, and sent a copy of each by registered or certified mail to the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1)(A) and (B). Plaintiff's contention in his response "the Court has not made any legal determination in regards to the Untied States joining as a party" is misguided (Court File No. 36, p. 3). The plain text of Rule 4(i)(3) requires service of the United States whenever a United States officer is sued in an individual capacity for acts occurring in connection with duties performed on the United States' behalf, whether or not the United States has been formally joined as a party.

Plaintiff has also failed to properly serve Officer Hennessee individually pursuant to Rule 4(e). Plaintiff's attempt to serve Officer Hennessee by having service sent to the Chattanooga Police Department satisfies neither the "state law" prong of Rule 4(e)(1) nor the three methods described in Rule 4(e)(2). Tennessee Rule of Civil Procedure 4.04(1), tracking Federal Rule 4(e)(2), allows service:

> [u]pon an individual . . . [1] by delivering a copy of the summons and of the complaint to the individual personally . . . [2] by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . or [3] by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1). The parties agree copies of the complaint and summons were not delivered to Officer Hennessee personally. Nor were copies left at Officer Hennessee's home with a resident of suitable age and discretion. Plaintiff has presented no evidence contradicting Officer Hennessee's averment the mail clerk at the Chattanooga Police Department was not authorized by appointment or law to receive service on his behalf, and the Court has no reason to think the mail clerk was so authorized. Hence, Plaintiff has failed to serve Officer Hennessee by any of the three methods described in Federal Rule of Civil Procedure 4(e)(2), or pursuant to the "state law" prong of Rule 4(e)(1) insofar as Rule 4.04 of the Tennessee Rules of Civil Procedure tracks Federal Rule 4(e)(2).

The Tennessee Rules of Civil Procedure also provide for serving a defendant through the mail. However, service by mail is not "complete" unless it is signed for by the defendant or someone authorized under Rule 4.04. *See* Tenn. R. Civ. P. 4.03(2). Here, a mail clerk at the Chattanooga Police Department rather than Officer Hennessee or an authorized agent signed for the summons and complaint. Accordingly, service was not "complete." Tenn. R. Civ. P. 4.03(2).

Because Plaintiff has failed to comply with Rule 4(i)(3) of the Federal Rules of Civil

Procedure by serving the United States pursuant to Rule 4(i)(1) and serving Officer Hennessee himself pursuant to Rule 4(e), the Court concludes service with respect to Officer Hennessee was ineffective.

### B. Is Dismissal Warranted?

The "requirement of proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quotation and citation omitted). Rather, proper service is based on constitutional due process and is necessary for a federal court to obtain and exercise personal jurisdiction over a defendant. *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987); *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976).

Federal Rule of Civil Procedure 4(m) provides in relevant part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This rule gives the Court limited discretion when service of process is not effectively made within 120 days of the filing of the complaint. If the plaintiff shows good cause, the Court *must* extend the time for service. If the plaintiff does not show good cause, the Court *may* choose between dismissing the action without prejudice or ordering that service be made within a specified time. *See Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). Plaintiffs bear the burden of showing good cause. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

In this case, Plaintiff has not shown good cause. Plaintiff's response to the motion to dismiss offers no excuse for why service of process was not properly made pursuant to Rule 4(i)(3); it

merely and incorrectly asserts service at Officer Hennessee's place of work was in fact proper. Reading Plaintiff's response charitably in light of his *pro se* status, the Court might surmise the cause of Plaintiff's failure to properly serve process was mistake or ignorance of the rules for service of process. However, mistake or ignorance of the rules is not enough to establish good cause. *See Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992). Because Plaintiff has not shown good cause, the Court is not obligated to extend the time of service. *See* Fed. R. Civ. P. 4(m).

The Court does, however, possess discretion to extend the time for service of process despite a plaintiff's failure to show good cause. In this case, the Court will exercise its discretion under Rule 4(m) and allow Plaintiff more time to properly serve Officer Hennessee. The Court reaches this conclusion after considering two factors. First, there is no evidence Officer Hennessee would be prejudiced by allowing proper service to be made other than the inherent prejudice in defending the lawsuit. Officer Hennessee has actual knowledge of the suit, and he has already filed an answer to the complaint through City of Chattanooga counsel. Second, it appears Plaintiff originally made a good-faith, albeit misguided, effort to serve Officer Hennessee in a timely manner.

### C. Motion to Stay Discovery

Officer Hennessee also moves the Court to stay discovery as to himself until thirty days after the Court rules on his motion to dismiss. However, as Officer Hennessee has not in fact been served with any discovery requests, and as the Court is now ruling on the motion to dismiss, the Court will deny as moot the motion to stay discovery.

### III. CONCLUSION

For the above stated reasons, the Court will **DENY** Officer Hennessee's motion to dismiss

(Court File No. 28). Further, the Court will **DIRECT** Plaintiff to effect proper service upon Officer Hennessee **on or before October 13, 2010**. However, the Court will **RESERVE** the right to reconsider dismissal under Federal Rule of Civil Procedure 4(m) if Plaintiff fails to properly serve Officer Henenssee on or before October 13, 2010. The Court will **DENY AS MOOT** Officer Hennessee's motion to stay discovery (Court File No. 43).

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**