UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| COREY CRADDOCK, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:09-cv-14 |
| | ) | *Chief Judge Curtis L. Collier* |
| WILLIAM PUCKETT and | ) | |
| JOSH CRIDER,[1] | ) | |
| | ) | |
|     *Defendants*. | ) | |

## MEMORANDUM

Corey Craddock ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 3). The Court previously dismissed Plaintiff's claim that his Fourth Amendment Right was violated when a confidential informant consented to wearing an electronic surveillance monitoring device during a drug and gun transaction which resulted in Plaintiff's arrest and prosecution. Plaintiff, however, was permitted to proceed on the alleged unconstitutional search and seizure claims as to the search of his person and seizure of $2,986.00 by Defendant Officer Avery, and the alleged warrantless search of his residence by Defendant Officer Matt Hennessee and "other officers" (Court File No. 19). The Court, however, subsequently granted Defendant Officer Avery's motion to dismiss finding he was entitled to qualified immunity and Plaintiff failed to state a claim upon which relief could be granted (Court File No. 48). In addition, the Court granted Defendant Matt Hennessee's motion to dismiss because Plaintiff failed to perfect service of process on Officer Hennessee (Court File No. 55). Therefore, the only claim

---

    [1]     Defendants' counsel refers to this Defendant as Scott Crider without clarifying the discrepancy in his name. Thus, the Court is unable to determine if Josh is a middle name, a nickname, or a name ever used by this defendant. Nevertheless, the Court will refer to this Defendant as Scott Crider.

remaining is Plaintiff's claim that on September 5, 2008, when he was arrested, without permission or a search warrant, officers searched his house after he denied them permission (Court File No. 3, p. 4).

Defendants William Puckett ("Puckett") and Scott Crider ("Crider") have filed an unopposed motion for summary judgment requesting the Court to dismiss all claims against them (Court File No. 73). For the following reasons, the motion will be **GRANTED** (Court File No. 73).

## I.      Summary Judgment

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Effective December 1, 2010, Rule 56 was revised, and is applicable as Defendant's motion for summary judgment was filed on July 11, 2011. Nevertheless, "[t]he standard for granting summary judgment remains unchanged[]" by the revision. *See* Fed.R.Civ. 56, 2010 Amendments notes, p. 60, 2011 Revised Edition. Revised Rule 56, however, does establish new procedures for supporting factual positions:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

2

> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907.

## II. Background

### A. Procedural History

As previously noted, following review of the Plaintiff's complaint under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e) and 1915A, and addressing motions to dismiss, all defendants, except Defendants Puckett and Crider were dismissed from this lawsuit. Thus, the only claim remaining for adjudication at this time is Plaintiff's claim brought under 42 U.S.C. § 1983 for an unconstitutional search of his house on September 5, 2008, in violation of the Fourth Amendment against Puckett and Crider in their individual and official capacities.

### B. Factual Background

Although Plaintiff's allegations are difficult to decipher, the Court discerns Plaintiff claims that on September 5, 2008, when he was arrested, Matt Hennessee and "other officers" requested to "look around in" his house but he denied that request asking if they had a search warrant. The officers said they did not need a warrant and searched his home and it was recorded by some unidentified news station (Court File No. 3, p. 4). In his pretrial narrative, Plaintiff makes the same claim stating he does not remember the names of the "other officers" and adds, without further explanation or details, that he was asked if they could search his house after he was arrested miles away from his home (Court File No. 71).

The record further reveals Plaintiff was being investigated in January of 2008 by Officer Matthew Hennessee, an officer assigned to the FBI Task Force. On January 4, 2008, Officers Crider and Puckett–both of whom were officers with the Chattanooga Police Department–were present when a confidential informant was used to make contact with Plaintiff to purchase drugs from him in furtherance of the FBI investigation (Court File No. 73-4, p. 1). The uncontested evidence in the

4

record reflects neither Defendant was present or involved in the arrest of Plaintiff on September 5, 2008, for distribution of cocaine and possession of a firearm by a felon, and neither searched Plaintiff or his residence or had any actual contact with Plaintiff on September 5, 2008 (Court File Nos. 73-4 at p. 2, 73-5 at p. 2).

**III. ANALYSIS**

   *A.  Unreasonable Search Claim*

To establish a prima facie case under § 1983, Plaintiff must show the Defendants were acting under color of law and the alleged unconstitutional conduct deprived Plaintiff of rights secured by federal law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A warrantless search of a home is *per se* unreasonable, and therefore, unconstitutional, unless it falls into one of a few specifically established exceptions to the general rule. *Payton v. New York,* 445 U.S. 573 (1980). Consent and exigent circumstances are two well-settled exceptions to the Fourth Amendment's warrant requirement. *Steagald v. United States,* 451 U.S. 204, 211-12 (1981).

In the instant case, as previously noted, the only claim before the Court is Plaintiff's claim that the search of his residence constituted an unreasonable search under the Fourth Amendment as it was not based on a warrant or consent. When the Court originally concluded the claim could go forward, it explained it was permitting the claim to proceed, even thought the facts were scant, because it was required to construe *pro se* complaints liberally in favor of the Plaintiff. Plaintiff, however, has failed to provide any more details to support his claim. Nevertheless, regardless, of whether or not the search was unconstitutional, for the reasons explained below, Plaintiff has not stated a claim against either of the remaining Defendants, in either their official or individual capacities, as neither of them are identified as participating in the alleged search. Indeed, in his

5

pretrial narrative, Plaintiff identified Matt Hennessee, a previously dismissed Defendant, as one of the officers searching his residence and then explains that he does not remember the names of the officers accompanying him during that search. Therefore, as explained below, Plaintiff has failed to raise a claim against these Defendants in either their official or individual capacities.

### 1. *Official Capacity*

Aside from the fact Plaintiff has failed to make a sufficient claim against either of the two remaining defendants, construing Plaintiff's complaint liberally, the Court discerns that he is suing Defendants in both, their individual and official capacities, since he states "[t]hese Defendants are sued in their individual capacity for acts in their official capacity acted [sic] under the color of state law to violate Plaintiffs [sic] fourth [sic] Amendment Rights." (Court File No. 3, p. 3).

A suit against Defendants in their official capacity is a suit against the governmental entity who employs them–in this case the City of Chattanooga. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1990) (holding that the suit against the Shelby County Mayor and Sheriff was "essentially and for all purposes [ ] a suit against the County itself"). A municipality, however, "cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978) (emphasis in original). Therefore, to succeed on a § 1983 claim against a local government, a plaintiff must demonstrate the injury about which he complains was caused by an unconstitutional government policy or custom. *Id*. at 694 ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."). Therefore, to establish a § 1983 claim

6

against a city, Plaintiff must identify a policy or custom of the city's policymaker or "by those whose edicts or acts may fairly be said to represent official policy" that caused the alleged violation of

Plaintiff's constitutional rights. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658. 694 (1978).

Here, Plaintiff has neither alleged nor pointed to any evidence that any policy or custom of the City of Chattanooga caused the alleged unconstitutional search of Plaintiff's residence. Nor is there anything in the record from which the Court could reasonable infer the City of Chattanooga had any such policy or custom permitting is officers to conduct unconstitutional searches. Even assuming for the limited purposes of this discussion that Plaintiff's residence was illegally searched, there is no allegation in the complaint or any evidence in the record to indicate a direct causal link between any city custom or policy and the violation alleged. Because there is no evidentiary support that the City had a custom or practice of conducting illegal searches, there is no evidentiary basis showing the alleged illegal search was caused by an existing, unconstitutional City of Chattanooga policy. Accordingly, Defendants' motion for summary judgment on Plaintiff's claims against them in their official capacities will be **GRANTED**.

    2.  *Individual Capacity*

To prevail on his claim for damages for an unconstitutional search pursuant to 42 U.S.C. § 1983, Plaintiff must establish Defendants acted under color of state law and caused or contributed to the alleged violation. *Parratt v. Taylor*, 451 U.S. at 535. If a plaintiff alleges liability on the basis of supervisory liability, he must demonstrate the supervisor played an active role in the alleged violation, as "[s]upervisory liability under § 1983 does not attach when it is premised on a mere

failure to act; it must be based on active unconstitutional behavior." *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (internal punctuation and citations omitted). Therefore, Plaintiff must show Defendants were personally involved in the alleged constitutional violation, *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1991), and conclusive allegations are insufficient to state a constitutional violation.

Defendants aver they were present with Officer Hennessee when a confidential informant was used to make contact with and purchases drugs from Plaintiff in furtherance of a FBI investigation on January 4, 2008, but neither of them searched Plaintiff or his residence or had actual contact with Plaintiff on that date. Additionally, both Defendants deny, under oath, conducting any searches of Plaintiff or his residence; specifically averring they had no actual contact with Plaintiff on September 5, 2008. Notably, Plaintiff does not contend that they had any contact with him or searched his residence on September 5, 2008 (Court File Nos. 73-4, 73-5). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 Significantly, Plaintiff has neither contested Defendants averments that they were not present when his residence was allegedly search nor presented any evidence or allegation to create a question of fact for jury resolution that either of these Defendants were involved in the alleged unconstitutional search of his residence.

The only mention of Defendants Puckett and Crider by Plaintiff in his complaint are the following excerpts:

> On Jan. 4th 2008[,] the Chattanooga Police department Officers William Puckett and Josh Crider and T.F.O agent Matt Hennessee employed a convicted felony Confidential informant to come into my house with a video record device hidden on him to purchase a tennessee [sic] control substance and a firearm without probable cause and without a state action search warrant . . . Then on July 17th 2008[,] the Chattanooga housing authority Police officer Avery search and seiz [sic] 29 hundred

8

> and eighty six dallars [sic] from me without probable cause [sic] Avery stated that he was well aware that I [sic] hve in the pass [sic] sold drugs on Jan. 4th 2008 [,] because Officer Puckett [sic] had informed him of the same. . . . I was arrested for the charges on Jan[.] 4th[,] 2008[.] Matt hennessee [sic] and other officers ask me can they look around in my house[.] I said no do u [sic] have a search warrant [sic] they said we don't [sic] need one [sic] in [sic] went in to my home on there own [sic] this was also record by the news station.

(Court File No. 3, pp. 3-4). Thus, Plaintiff has not alleged any facts showing the personal involvement of Defendant Puckett or Defendant Crider in the alleged unconstitutional search of his residence. Plaintiff's allegations are simply insufficient to support a constitutional claim. As previously stated, liability under § 1983 can only be established upon facts showing personal involvement of the Defendants. Plaintiff makes no claim of personal involvement of these two defendants. Rather, Plaintiff only claims that Matt Hennessee and "other officers" whom he cannot name, unconstitutionally searched his residence. For Plaintiff to meet his burden, he must demonstrate Defendants Puckett and Crider personally participated in, or otherwise authorized, approved, or knowingly acquiesced in the alleged unconstituional search. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002). This he has not done.

Taking the facts provided by Plaintiff and all reasonable inferences therefrom in a light most favorable to Plaintiff, the record does not even indicate Defendants were present during the alleged unconstitutional search, much less that they participated in the search of Plaintiff's residence. Plaintiff does not identify either defendant as one of the officers who engaged in the search of his residence. The evidence is insufficient to even implicate either Defendant as a personal participant in the alleged violation. Thus, there simply is no evidence from which a reasonable jury could return a verdict for Plaintiff as there is neither proof nor even an allegation that either of these two Defendants participated in the alleged unconstitutional search of Plaintiff's residence.

9

Consequently, Plaintiff has failed to make a claim against either Defendant in their individual capacity. Accordingly, Defendants are **GRANTED** summary judgment on this claim.

### B. *Conclusion*

In sum, Plaintiff has failed to make a claim against either Defendant in either their official or individual capacities. Thus, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law. Accordingly, Defendants will be **GRANTED** summary judgment and the complaint will be **DISMISSED** in its entirety.

An appropriate Final Judgment Order will enter and the scheduled trial date will be **CANCELLED**.

SO ORDERED.

ENTER:

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**